Mark DECKER, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.

No. 02–4021.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before KEITH, MOORE, and GIBBONS, Circuit Judges.

### ORDER

This is an appeal from an order by a magistrate judge that denied a request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The court sent the parties a letter inquiring why the case should not be submitted without oral argument, and neither party responded. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Proceeding under 42 U.S.C. § 405(g), Mark Decker appealed the Commissioner's decision to reduce his social security disability insurance benefits because of a lump-sum worker's compensation settlement he received. The parties consented to proceed before the magistrate judge. The magistrate judge reversed the Commissioner's decision and remanded the case to the Commissioner for a recalculation.

On the heels of his success, Decker moved the court to award him attorney's fees in the amount of $3,906.25. Decker contended that he was entitled to this award because the government's defense of its calculation of the adjustment was not "substantially justified."

The magistrate judge denied Decker's motion. The court concluded that, although Decker was a prevailing party, "the analytical path to the decision was complicated and not well illuminated by precedent. The ALJ, the Appeals Council, and the Court struggled with the adjustment calculation, each reaching a different conclusion."

In his timely appeal, Decker argues that the magistrate judge abused its discretion in denying his request for attorney's fees.

The EAJA provides that prevailing parties shall be awarded attorney's fees unless the Government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). This court reviews the district court's decision not to award fees under the EAJA for an abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 562–63, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made, and a court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

Upon review, we find no abuse of discretion. Accordingly, we affirm the magistrate judge's ruling for the same reasons stated by the judge in his July 9, 2002, order.